Mrs. Roy G. Harding, *who sues on behalf of* Hollie Paxton *v.* State Compensation Commissioner *et al.*

(No. 7908)

Submitted April 10, 1934. Decided April 17, 1934.

818

*England & Ritchie*, for appellant.

*Homer A. Holt*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for respondent.

HATCHER, JUDGE:

This case presents the sole question, shall benefits under the Workmen's Compensation Law be paid to a child of a deceased workman, when the child, though dependent on the father under general law, was not in fact supported by him at the time of his death.

Lawrence Paxton was killed in 1932 while at work for a subscriber to the workmen's compensation fund. He left a son, Hollie, then ten years old. Benefits for Hollie under the compensation statutes were refused by the compensation commissioner.

In 1924, Hollie's mother placed him with a stranger, Mrs. Roy Harding, and promised to pay her $8.00 weekly for his maintenance and support. He has remained with Mrs. Harding ever since. Mrs. Paxton made payments to Mrs. Harding for "a short time" after she took the child, and then failed to pay anything until the fall of 1933. Mrs. Harding never had any dealings whatever directly with Mr. Paxton. Her sister heard him promise Mrs. Paxton to help care for Hollie if he were placed in a private family. Whether Paxton kept that promise in any particular does not appear.

The Paxtons lived apart a number of years before his death, and were seemingly separated at the time Hollie was placed with Mrs. Harding.

Counsel for the claimant contends that a child the age of Hollie is conclusively presumed to be dependent on his father. This contention is not applicable in this case because dependency under the compensation law is not to be determined by the ordinary legal or ethical conceptions of the duties of fatherhood. The Compensation Act itself prescribes a rule for determining dependency and that rule—arbitrary though it may be—must be the test. "Dependent as used in this chapter," says Code 1931, 23-4-10(g) (the Compensation Law), "shall mean a * * * child under sixteen years of age * * * who at the time of injury causing death, is dependent in whole or part for his or her support upon the earnings of the employee." This statute has been expressly construed as denoting dependency in fact and not under general law. "The question of dependency * * * under Workmen's Compensation Laws, is one of fact * * * to be determined by the evidence in each particular case." *Poccardi* v. *Commissioner,* 79 W. Va. 684, 91 S. E. 663. Accord: Annotation L. R. A. 1918F, 487-8; 28 R. C. L. 772-3. Hollie's claim therefore fails as he was not receiving any support from the earnings of his father at the date of the latter's death.

The ruling of the commissioner is affirmed.

*Affirmed.*