## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 13, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY MCCLUNG,**
**ROGER W. MCCLUNG (Deceased),**
**Claimant Below, Petitioner**

**vs.)   No. 18-0922** (BOR Appeal No. 2052900)
(Claim No. 840069232)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CENTRAL APPALACHIAN COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy McClung, by Counsel Robert Williams, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Henry Bowen, filed a timely response.

The issue on appeal is dependent's benefits. The claims administrator denied Ms. McClung's application for 104 weeks of dependent's benefits and fatal dependent's benefits on July 7, 2016. The Office of Judges reversed the decision in its April 10, 2018, Order, granted 104 weeks of dependent's benefits, held the claim compensable on a nonmedical basis, and referred the claim to the Occupational Pneumoconiosis Board to determine if occupational pneumoconiosis contributed to or hastened the decedent's death. The Order was reversed by the Board of Review on September 13, 2018, and the claims administrator's rejection was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McClung, the decedent, was granted a permanent total disability award on June 8, 2005. Mr. McClung also received Social Security disability benefits and his daughter, Tammy McClung, drew benefits from his claim. A November 30, 2014, letter to Ms. McClung from the Social Security Administration indicates she was granted an increase in her payments to $519.

On August 20, 2015, Mr. McClung passed away. His death certificate listed coal workers' pneumoconiosis as a factor in his death. Ms. McClung received a letter from the Social Security Administration on September 7, 2015, indicating it had received notice that the decedent died and that Ms. McClung's benefits were increasing to $1,225.20 due to his death. A September 23, 2015, letter confirmed that she was entitled to disabled dependent benefits in the amount of $1,225.20.

Ms. McClung completed an application for fatal workers' compensation dependent's benefits as well as an application for 104 weeks of dependent's benefits on September 29, 2015. She stated that she was fully dependent on the decedent at the time of his death. Ms. McClung admitted that she did not live in the same house as the decedent but stated that he contributed to her support in the amount of $183.25.

A December 16, 2015, session note from Raleigh County Medical Services indicates Ms. McClung was diagnosed with bipolar disorder, obsessive-compulsive disorder, and anxiety disorder. She stated that she dropped out of school after tenth grade and that she was currently living on her own. She did not have a guardian and denied any hospitalizations in the past. It was noted that she was oriented in all spheres and showed deficient coping skills. Ms. McClung reported that she lives with her boyfriend and her two sons. On December 21, 2015, Ms. McClung saw Edward Bez, M.D., who diagnosed bipolar disorder, obsessive-compulsive disorder, and anxiety disorder.

On January 11, 2016, Raleigh County Medical Services noted that Ms. McClung was seen by Dr. Bez and requested that he complete paperwork saying that Ms. McClung is an invalid so she could receive dependent's benefits. A General Nursing Progress Report completed that day indicates Dr. Bez was unable to complete the invalid form. He noted that the form required a doctor to certify that Ms. McClung is disabled. On February 25, 2016, Dr. Bez stated that Ms. McClung was taking medication with no improvement. On March 17, 2016, she returned to Raleigh County Medical Services and the treatment note indicated she was concerned that Dr. Bez did not understand the severity of her psychiatric problems. She underwent therapy sessions from March 25, 2016, through April 6, 2016. On April 7, 2016, it was noted that Ms. McClung had shown no improvement. She was still very paranoid and had difficulty dealing with the public.

Dr. Bez completed an Invalid Medical Verification Form on April 20, 2016, in which he concluded that Ms. McClung was an invalid due to bipolar disorder with psychosis, obsessive-compulsive disorder, and psychosis. The claims administrator denied an application for 104 weeks of dependent's benefits and fatal dependent's benefits on July 7, 2016. On November 9, 2016, a treatment note by Raleigh County Medical Services indicates Ms. McClung had stopped taking all

of her medications because she was pregnant. Ms. McClung underwent a clinical evaluation by Sherry Barker on March 3, 2017. Ms. Barker noted that she came in with her boyfriend. She had never been married. Her diagnoses remained the same, and it was noted that Ms. McClung was off of her medication due to pregnancy.

Ms. McClung testified in a deposition on March 29, 2017, that she did not finish high school. She suffers from bipolar disorder with psychosis and obsessive-compulsive disorder with psychosis. She stated that her father received a permanent total disability award before he died. He also started receiving Social Security disability, which Ms. McClung also drew starting at age eighteen. She still receives those benefits. Ms. McClung testified that she has never had a job. On cross-examination, Ms. McClung admitted that she did not live with her father at the time of his death, though some of her siblings did. Her father helped her pay her bills when she first moved out in 1995, but she currently lives with her boyfriend, Ernest Johnson, and he manages her financial affairs.

A June 20, 2017, treatment note by Raleigh County Medical Services indicates Ms. McClung was seen at her boyfriend's insistence. She was not taking her medication and was seeing shadows, hearing voices, and was suspicious of everyone. She was seen by Dr. Bez on June 30, 2017, and he noted that she was still paranoid and her obsessive-compulsive issues were interfering with her daily life.

On April 10, 2018, the Office of Judges reversed the claims administrator's rejection of the claim, granted 104 weeks of dependent's benefits, held the claim compensable on a nonmedical basis, and referred the claim to the Occupational Pneumoconiosis Board to determine if occupational pneumoconiosis contributed to or hastened the decedent's death. It first noted that pursuant to West Virginia Code § 23-4-10(d) (2018), a person is considered a dependent if they are an invalid child who is dependent upon the decedent, in whole or in part, for his or her support. Further, West Virginia Code § 23-4-10(e) (2018) provides that if a person who received a permanent total disability award dies leaving any dependents, an award shall be made to the dependents in an amount equal to 104 weeks times the weekly benefits the worker was receiving.

The Office of Judges found that Ms. McClung was thirty-nine years old at the time of the decision and had three children. She had not lived with her father in many years. According to her treating physician, Dr. Bez, Ms. McClung does not require care and is capable of taking care of her daily needs. However, she has never been employed and has been diagnosed with bipolar disorder, obsessive-compulsive disorder, and an anxiety disorder. The Office of Judges found that this Court defined the meaning of a dependent in *Poccardi v. State Compensation Commissioner,* 79 W. Va. 684, 91 S.E. 663 (1917). This Court held that whether someone is a dependent is conditioned upon whether they were actually dependent upon the earnings of the decedent for support and maintenance. It further clarified that the degree of dependency is not important. The Office of Judges determined that Ms. McClung received Social Security benefits from her father's claim for disability benefits. She also testified in her deposition that he contributed to her maintenance but offered no evidence in support of this allegation.

The Office of Judges determined that whether Ms. McClung was dependent upon the earnings of the decedent depends on whether Social Security disability benefits are considered earnings. It found that the benefits are calculated based upon the wage history of the disabled worker. Therefore, the Office of Judges held that any benefits Ms. McClung received as a result of her father's disability benefits are considered to be earnings. Ms. McClung was therefore considered to be a dependent.

The Office of Judges next determined if Ms. McClung is considered an invalid. While Dr. Bez completed a certification stating that Ms. McClung is an invalid, his treatment notes indicate she requires no supervision or assistance. However, the Office of Judges found that the word invalid is not defined. Ms. McClung is unable to support herself and the Social Security Administration has accepted her conditions as disabling. The Office of Judges therefore concluded that Ms. McClung can be considered an invalid and is entitled to dependent's benefits.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's rejection of the claim in its September 13, 2018, decision. It found that the first issue is whether Ms. McClung is an invalid. At the time of the decision, she was forty-three years old, had three children, and lived with her boyfriend. Medical records indicate she has bipolar disorder with psychosis, obsessive-compulsive disorder, and psychosis. Dr. Bez stated on her Invalid Medical Verification Form that she is an invalid. However, he also stated that she requires no supervision or assistance with her activities of daily living. The Board of Review looked to *Johnson v. West Virginia Office of Insurance Commissioner*, 226 W. Va. 650, 704 S.E.2d 650 (2010), in which this Court found that the invalid child at issue lived with his parents until their death, moved in with his sister once they passed, his sister was appointed as his guardian, and his parents' will provided for his care. In this case, Ms. McClung did not live with her father or a sibling and she has no guardian. There is also no indication that she is unable to care for her three children.

The Board of Review next determined whether Ms. McClung was dependent upon the decedent. Ms. McClung testified that she lived with her father when she was younger, began receiving Social Security benefits under his claim when she turned eighteen, and has received those benefits since that time. She stated that when she first moved out in 1995, the decedent helped pay her bills. However, after she began receiving Social Security checks, the decedent ceased giving her money. The Board of Review noted that Ms. McClung's monthly Social Security benefits increased after the decedent passed away. The Board of Review looked to *Alexander v. State Compensation Commissioner,* 113 W. Va. 223, 167 S.E. 589 (1993), and found that in establishing dependency, there must be a reasonable expectation on the part of the dependent that the decedent would continue to support them. The Board of Review concluded in the case at bar that Ms. McClung did not rely on her father contributing to any part of her income. She did not live with her father, he did not give her money, and she did not expect that he would. After his death, her Social Security benefits actually increased. The Board of Review therefore concluded that Ms. McClung is not a dependent and is therefore not entitled to dependent's benefits.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. McClung has not lived with her father in nearly twenty-five years and has not received money

from him for roughly the same amount of time. She has three children and cares for them herself. Additionally, Ms. McClung requires no supervision or help with her activities of daily living. She does not quality as an invalid dependent of the decedent.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 13, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison