# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TORI GEARRY (DECEASED),**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-275**        (BOR Appeal No. 2058222)
                              (JCN: 2022014611)

**VALLEY GROVE VOLUNTEER FIRE DEPARTMENT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tori Gearry (deceased)[1] appeals the November 11, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Valley Grove Volunteer Fire Department ("VGVFD") filed a timely response.[2] Ms. Gearry did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order, which refused to acknowledge Ms. Gearry's protest to the claim administrator's order refusing the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Ms. Gearry was an EMT who volunteered with VGVFD. Ms. Gearry was allegedly exposed to Covid-19 through a patient during a transport, on or around December 9, 2021. Ms. Gearry tested positive for Covid-19 on December 14, 2021, and then passed away on January 7, 2022.

---

[1] Although Ms. Gearry's dependents are appealing this workers' compensation claim in her name, this is not a claim for dependents' benefits.

[2] Ms. Gearry is represented by Michael A. Kuhn, Esq. VGVFD is represented by Steven K. Wellman, Esq. and James W. Heslep, Esq.

Ms. Gearry's husband filed an Employees' and Physician's Report of Occupational Injury or Disease under Ms. Gearry's name dated February 15, 2022. Administrators from VGVFD filed an Employers' Report of Occupational Injury or Disease dated February 9, 2022. Both reports identified Ms. Gearry's death as being due to exposure to a Covid-19 positive patient at work.

The claim administrator issued an order dated March 8, 2022, addressed to "the Estate of Tori Gearry" which rejected the claim finding that Covid-19 is an "ordinary disease of life," and was not covered.

On April 12, 2022, the OOJ issued an order refusing to acknowledge the claimant's protest of the claim administrator's order because the claimant had been identified as "the Estate of Tori Gearry," rather than the dependents of Tori Gearry. On November 11, 2022, the Board affirmed the OOJ's order. The claimant protests the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, the claimant argues that the OOJ and Board were clearly wrong in refusing to acknowledge the protest of the claim administrator's denial of the claim. The claim was filed under the name Tori Gearry not "the Estate of Tori Gearry." The claimant alleges that it was the claim administrator that first identified the claimant as "the Estate of Tori Gearry" and that the insurance company should not benefit from the mistake that they created. The claimant further argues that "the Estate of Tori Gearry" does not exist, as Ms. Gearry's dependents have not filed to open an estate following her death. We agree.

2

VGVFD argues that the Board lacked jurisdiction to decide this claim because the OOJ did not enter an appealable final order. We disagree with VCVFD's assertion that the OOJ's refusal to acknowledge the claimant's protest was not an appealable final order.

"[The Workers' Compensation Act] requir[es] the state compensation commissioner in administering the workmen's compensation fund, to ascertain the substantial rights of the claimants in such manner as will 'carry out justly and liberally the spirit of the act' unrestricted by technical and formal rules of procedure . . . ." Syl., in part, *Culurides v. Ott*, 78 W.Va. 696, 90 S.E. 270 (1916).

The OOJ refused to acknowledge the claimant's protest to the claim administrator's order because the claimant was identified to the OOJ as "the Estate of Tori Gearry." The Board did not allow the claimant to correct this mistake once it was discovered, instead affirming the OOJ's decision to dispose of this claim due to a technicality.

After review, we conclude that the Board was clearly wrong in disposing of this claim on a technicality rather than allowing the claimant to fix this easily correctable mistake and then deciding the case on its merits. This is to be considered an occupational disease claim and the Board is to determine whether Ms. Gearry's Covid-19 diagnosis is compensable. We further find that this appeal does not preserve the claimant's right to apply for Workers' Compensation dependents' death benefits if a claim was not timely submitted. *See* Syl. Pt. 2, *Johnson v. W. Va. Off. of Ins. Comm'r*, 226 W. Va. 650, 651, 704 S.E.2d 650, 651 (2010) (claim for death benefits, provided for by Code 23-4-10, is separate and distinct from injured employee's claim for disability benefits.)

Accordingly, we vacate the Board's order and remand this matter to the Board for further proceedings consistent with this Court's decision in *Primecare Medical of WV, Inc. v. Foster*, __ W. Va.__, 885 S.E.2d 171 (Ct. App. 2023).

Reversed and Remanded.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating