# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2018 Term

**FILED**
**June 4, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0993

**LOUISE MORAN,
DEPENDENT OF WILLIAM MORAN (DECEASED),**
Claimant Below, Petitioner

**V.**

**ROSCITI CONSTRUCTION CO., LLC,**
Respondent Below, Respondent

---

**Appeal from the Workers' Compensation Board of Review**
**Claim No. 2012038847**
**Appeal No. 2051864**

**REVERSED AND REMANDED**

---

Submitted: May 9, 2018
Filed: June 4, 2018

Kelly Elswick-Hall                    Jeffrey B. Brannon
The Masters Law Firm lc               Cipriani & Werner, P.C.
Charleston, West Virginia             Charleston, West Virginia
Attorney for the Petitioner           Attorney for the Respondent

JUSTICE DAVIS delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.    When reviewing a decision of the West Virginia Workers' Compensation Board of Review ("the Board"), this Court will give deference to the Board's findings of fact and will review de novo its legal conclusions.  The decision of the Board may be reversed or modified only if it (1) is in clear violation of a constitutional or statutory provision; (2) is clearly the result of erroneous conclusions of law; or (3) is based upon material findings of fact that are clearly wrong.

2.    An award of dependents' death benefits under the workers' compensation laws of West Virginia is payable, notwithstanding W. Va. Code § 23-2-1c(d) (2003) (Repl. Vol. 2017), while benefits awarded under the workers' compensation laws of another state for the same injury are suspended due to a third-party settlement.

**Davis, Justice:**

This appeal raises the issue of whether W. Va. Code § 23-2-1c(d) (2003) (Repl. Vol. 2017) applies when awards for workers' compensation dependents' death benefits ("dependents' benefits") have been properly granted under the laws of West Virginia and another state for the same injury, but the benefits awarded under the laws of the other state have been suspended due to a related third-party settlement. After considering the parties' briefs, the relevant law, and oral arguments, we find that W. Va. Code § 23-2-1c(d) does not apply and, therefore, dependents' benefits awarded under West Virginia law are payable as long as the benefits awarded under the laws of the other state remain suspended. Accordingly, we reverse the West Virginia Workers' Compensation Board of Review.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. William Moran ("Mr. Moran") was an employee of the respondent, Rosciti Construction Company, LLC (hereinafter "Rosciti"), when he succumbed to carbon monoxide intoxication and passed away on January 31, 2012, in West Virginia. Rosciti is based in Rhode Island, where Mr. Moran lived. Mr. Moran was part of a Rosciti crew that had been sent to West Virginia to lay fiber optic lines at Yeager Airport in Charleston for the West Virginia National Guard. The Rosciti crew, including Mr. Moran, arrived in South Charleston, West Virginia, on the evening of January 30, 2012, and checked into a local hotel

1

that apparently had been selected by Rosciti. The following morning, Mr. Moran was found deceased in his hotel room; another crew member who was staying in the same room was unresponsive.[1] The room was found to contain high levels of carbon monoxide, which had caused Mr. Moran's death.[2]

Thereafter, the petitioner, Mr. Moran's wife, Louise Moran ("Mrs. Moran"), filed workers' compensation claims for dependents' benefits in both Rhode Island and West Virginia on behalf of herself, her twelve-year-old daughter, and her father-in-law, as dependents of the decedent, Mr. Moran.[3] The Rhode Island claim resulted in an award of weekly dependents' benefits in the amount of $765.15. The West Virginia claim originally was denied by the claims administrator. On appeal, the decision was reversed by the West Virginia Workers' Compensation Office of Judges ("OOJ"). In granting dependents benefits, the OOJ noted that the award was subject to W. Va. Code § 23-2-1c(d) (2003), which provides for a credit of workers' compensation benefits "awarded or recovered" under laws of another state. The West Virginia Workers' Compensation Board of Review ("BOR")

---

[1]Both men were transported to CAMC General Hospital.

[2]An investigation report by the South Charleston Fire Department indicated that the cause of the carbon monoxide in the room was a separated flue exhaust pipe.

[3]Mrs. Moran identified her father-in-law as disabled and dependent upon Mr. Moran at the time of his death.

affirmed as modified the decision of the OOJ.[4]  This Court affirmed the BOR decision in a

prior appeal of this matter.  *See Rosciti Constr. Co., LLC v. Moran*, No. 14-0398, 2015 WL

6839865 (W. Va. Nov. 4, 2015) (memorandum decision).  Nevertheless, no dependents'

benefits were actually paid out in connection with Mrs. Moran's West Virginia award

because the $765.15 in weekly benefits paid in relation to the Rhode Island claim were

greater than, and credited against, the West Virginia benefits awarded, which were

determined to be $711.30.  *See* W. Va. Code § 23-2-1c(d).


Meanwhile, Mrs. Moran reached a confidential settlement with several

defendants in a civil action she filed in relation to Mr. Moran's death.  As a result of this

third-party settlement, and pursuant to Rhode Island law, her Rhode Island dependents'

benefits were suspended on December 11, 2014.  *See* R.I. Gen. Laws § 28-35-58(a) (2002).[5]

---

[4]The OOJ had found that Mr. Moran's father was wholly dependent upon Mr. Moran.  The BOR disagreed and found that Mr. Moran's father was only partially dependent.  This Court affirmed the BOR.  *See Rosciti Constr. Co., LLC v. Moran*, No. 14-0398, 2015 WL 6839865 (W. Va. Nov. 4, 2015) (memorandum decision).

[5]Pursuant to the relevant Rhode Island statute:

> Where the injury for which compensation is payable under chapters 29–38 of this title was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect of the injury, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under those chapters for that compensation, and the employee shall be entitled to receive both damages and

(continued...)

3

The parties have stipulated that the third-party settlement was in excess of the amount required to meet the weekly Rhode Island benefits for the remainder of Mrs. Moran's life

[5](...continued)

compensation. The employee, in recovering damages either by judgment or settlement from the person so liable to pay damages, shall reimburse the person by whom the compensation was paid to the extent of the compensation paid as of the date of the judgment or settlement and the receipt of those damages by the employee shall not bar future compensation. *An insurer shall be entitled to suspend the payment of compensation benefits payable to the employee when the damages recovered by judgment or settlement from the person so liable to pay damages exceeds the compensation paid as of the date of the judgment or settlement. The suspension paid shall be that number of weeks which are equal to the excess damages paid divided by the employee's weekly compensation rate;* however, during the period of suspension the employee shall be entitled to receive the benefit of all medical and hospital payments on his or her behalf. If the employee has been paid compensation under those chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person liable to pay damages, and to the extent of that indemnity shall be subrogated to the rights of the employee to recover those damages. When money has been recovered either by judgment or by settlement by an employee from the person liable to pay damages, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his or her attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party.

R.I. Gen. Laws § 28-35-58(a) (2002) (emphasis added).

expectancy. As a result, Mrs. Moran's Rhode Island dependents' benefits are expected to remain suspended.

Due to the suspension of her Rhode Island benefits, Mrs. Moran requested payment of West Virginia dependents' benefits. She reasoned that, since her Rhode Island benefits had been suspended, there were no Rhode Island payments to be credited against her West Virginia benefits. The claims administrator denied Mrs. Moran's request by order entered December 2, 2015, finding that "Rhode Island benefits are still being paid but have been suspended and/or are being offset pending exhaustion of the excess damages paid by the Third-Party's [sic] pursuant to the settlement." Mrs. Moran protested the order. The OOJ affirmed the claims administrator and explained that

> [i]t is clear that the claimant was not entitled to any dependents [sic] benefits from the state of West Virginia as long as she was being paid and received an amount in excess of the workers' compensation benefits by the state of Rhode Island in the form of workers' compensation benefits. A more complex issue is how does the third-party settlement affect the obligation of West Virginia to pay dependents [sic] benefits. The amount of Rhode Island's workers' compensation benefits [that] the claimant would receive if there was no third-party settlement is being deducted from the third-party settlement. The Office of Judges cannot base this Decision on how the state of Rhode Island applies their subrogation law. It is found that the reduction of the third-party settlement by the weekly rate of Rhode Island workers' compensation benefits represents a recovery of damages to the claimant from the state of Rhode Island, and therefore, the Order of December 2, 2015, is found to be proper and in accordance with the intent of the above cited statutes.

5

The BOR affirmed the OOJ's order, but did not adopt the above quoted discussion. Instead,

the BOR reasoned that

> [i]n the West Virginia claim, dependent's [sic] benefits were granted subject to West Virginia Code § 23-2-1c(d), which provides as follows: "If any employee or his or her dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state for an injury received in the course of and resulting from the employment, the amount awarded or recovered, whether paid or **to be paid** in future installments, shall be credited against the amount of any benefits payable under this chapter for the same injury." [Emphasis added.] Dependent's [sic] benefits in the amount of $129,984.61 were paid under the Rhode Island workers' compensation claim. Then the benefits were suspended pursuant to the dependent's decision to enter into a settlement agreement in a third-party civil action. The dependent knew or should have known that the laws of Rhode Island allowed for suspension of workers' compensation dependents [sic] benefits. The Rhode Island claim remains an active claim and additional benefits may be payable under that claim. After considering all the factors, the Board concludes that the claims administrator's order dated December 2, 2015, is proper and in accordance with the statutes.

This appeal followed.

## II.

## STANDARD OF REVIEW

The standards for this Court's review of decisions rendered by the BOR are set

out in W. Va. Code § 23-5-15 (2005) (Repl. Vol. 2017) as follows:

> (b) In reviewing a decision of the board of review, the Supreme Court of Appeals shall consider the record provided by

6

the board and give deference to the board's findings, reasoning and conclusions, in accordance with subsections (c) and (d) of this section.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was so clearly wrong based upon the

7

evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

We also have previously recognized that, "'[w]hen it appears from the proof upon which the [Workers' Compensation Board of Review] acted that its finding was plainly wrong[,] an order reflecting that finding will be reversed and set aside by this Court.'" Syl. pt. 1, *Bowers v. West Virginia Office of the Ins. Comm'r*, 224 W. Va. 398, 686 S.E.2d 49 (2009) (quoting Syl. pt. 5, *Bragg v. State Workmen's Comp. Comm'r*, 152 W. Va. 706, 166 S.E.2d 162 (1969)). With respect to the legal conclusions of the Board of Review, we have established that a de novo review applies. *See Crawford v. West Virginia Dep't of Corr.-Work Release*, 239 W. Va. 374, 377, 801 S.E.2d 252, 255 (2017) ("We have previously recognized . . . that this Court 'review[s] *de novo* legal conclusions of the Workers' Compensation Board of Review.'" (quoting *Johnson v. West Virginia Office of Ins. Comm'r*, 226 W. Va. 650, 654, 704 S.E.2d 650, 654 (2010))); *Sheena H. ex rel. Russell H. ex rel. L.H. v. Amfire, LLC,* 235 W. Va. 132, 135, 772 S.E.2d 317, 320 (2015) (same).

In accordance with the foregoing statutory directives and case law, and in recognition of the fact that it is now claims administrators, and not the Workers' Compensation Commission, who make initial rulings with respect to workers' compensation claims, this Court now expressly holds that, when reviewing a decision of the West Virginia

Workers' Compensation Board of Review ("the Board"), this Court will give deference to the Board's findings of fact and will review de novo its legal conclusions. The decision of the Board may be reversed or modified only if it (1) is in clear violation of a constitutional or statutory provision; (2) is clearly the result of erroneous conclusions of law; or (3) is based upon material findings of fact that are clearly wrong.

To the extent that this case also requires examination of relevant statutory provisions, we finally note that, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). We will apply these standards to our consideration of the instant appeal.

## III.

## DISCUSSION

The issue raised in this appeal addresses whether W. Va. Code § 23-2-1c(d) requires the actual payment of a workers' compensation award for dependents' benefits when there has been a workers' compensation award in another state for the same injury, but payment of the other state's award has been suspended due to a settlement obtained from a third-party claim for the same injury.

9

Mrs. Moran asserts that, because her Rhode Island benefits are suspended, there is nothing to be credited against her West Virginia benefits under W. Va. Code § 23-2-1c(d). She asserts that no West Virginia statute allows for an offset for payment of *future* workers' compensation benefits because of a third-party personal injury settlement.[6] She reasons that the absence of a clear legislative offset of third-party settlement funds, when compared with the existence of a legislatively provided offset in other circumstances, such as when an employer has a fully funded private disability policy, *see* W. Va. Code § 23-4-1c(j) (2009) (Repl. Vol. 2017), should be interpreted as meaning that the Legislature did not intend for there to be an offset of third-party settlements. She contends that workers' compensation is a creature of statute and this Court cannot create an offset where none exists. *Citing Bush v. Richardson*, 199 W. Va. 374, 376, 484 S.E.2d 490, 492 (1997) (noting that "workers' compensation is entirely a statutory creature. . . . Thus, whether the Commissioner is accorded the right to subrogation, and if so, what form it will take[,] are matters properly left for the legislature to determine." (internal quotations and citations omitted)).

She next contends that she is entitled to her West Virginia dependents' benefits notwithstanding her settlement because W. Va. Code § 23-2A-1(b)(1), which pertains to

---

[6]Pursuant to W. Va. Code § 23-2A-1(b)(1) (2009) (Repl. Vol. 2017), "[w]ith respect to any claim arising from a right of action that arose or accrued, in whole or in part, on or after January 1, 2006, the private carrier or self-insured employer, whichever is applicable, shall be allowed statutory subrogation with regard to indemnity and medical benefits *paid as of the date of the recovery*." (Emphasis added). Thus subrogation covers only those benefits paid out as of the date of the recovery of a settlement, not future benefits.

subrogation, does not provide for a suspension of the payment of *future benefits* because of third-party personal injury settlements. Mrs. Moran claims that this statute is clear that the insurance company can recover only what was paid up to the date of settlement.

Rosciti responds that the BOR's decision is clearly correct and consistent with the law applicable to this claim. Rosciti points out that the Rhode Island benefits awarded to Mrs. Moran are greater than her West Virginia award. The payments of the Rhode Island award are simply suspended pending the exhaustion of the third-party settlement (which the parties have stipulated will not be exhausted in this case because the settlement exceeded the amount of Rhode Island benefits Mrs. Moran would be entitled to receive during her life expectancy). Thus, the Rhode Island award is offset by the settlement proceeds. According to Rosciti, the fact that the Rhode Island award is offset by the settlement does not change the fact that the West Virginia benefits are offset by the Rhode Island benefits pursuant to W. Va. Code § 23-2-1c(d).

Because our resolution of this appeal requires scrutiny of the relevant statutes, we begin by recognizing that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). In ascertaining the intent of the Legislature, we are constrained to "look first to the statute's language. If the text, given its

11

plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995). Conversely, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

The extent to which a workers' compensation award must be paid under West Virginia law when there also is an award under the laws of another state is governed by W. Va. Code § 23-2-1c(d). Pursuant to W. Va. Code § 23-2-1c(d),

> [i]f any employee or his or her dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state for an injury received in the course of and resulting from the employment, *the amount awarded or recovered, whether paid or to be paid in future installments, shall be credited against the amount of any benefits payable under this chapter for the same injury*.

(Emphasis added). The language of the foregoing provision is ambiguous with regard to the instant matter insofar as it does not provide explicit guidance on the effect of a suspension of the benefits awarded under the laws of another state, due to a third-party settlement, on benefits payable under West Virginia workers' compensation law. However, reading the foregoing statute in the context of these circumstances leads to the conclusion that the Legislature's intent is to pay benefits awarded under West Virginia law where the other state's benefits have been suspended due to a third-party settlement. In reaching this conclusion, we first note that W. Va. Code § 23-2-1c(d) applies a credit for only an award

12

of workers' compensation benefits or a recovery of damages "*from the employer* under the laws of another state." (Emphasis added). There is no mention of a credit being applied in relation to a third-party recovery. The absence of any mention of a recovery from a third party indicates an intention on the part of the Legislature that the provision is not meant to apply to such recoveries.

Moreover, pursuant to W. Va. Code § 23-2-1c(d), the amount to be credited against any benefits payable under West Virginia workers' compensation law is "the amount awarded or recovered, whether paid or to be paid in future installments." Thus, the language contemplates crediting only an *actual payment* of workers' compensation benefits or a recovery *from an employer* that already has occurred or is to be made in the future. Where another state's workers' compensation benefits have been suspended due to a third-party settlement, no payments are being made. Likewise, under the particular circumstances of this case, no payments are "to be paid in future installments."[7]

We are mindful that "the statutory nature of our workers' compensation system requires both deference and judicial restraint." *Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, 529, 788 S.E.2d 40, 57 (2016). Thus, "it is not the proper function of the judicial branch

---

[7]We recognize that circumstances may exist in another case where payments are to be made "in future installments." W. Va. Code § 23-2-1c(d). However, such is not the case here.

13

to supply legislative omissions from a statute in an attempt to make it conform to some presumed intention of the Legislature not expressed in statutory language." *Cart v. General Elec. Co.*, 203 W. Va. 59, 63 n.8, 506 S.E.2d 96, 100 n.8 (1998) (per curiam). Because W. Va. Code § 23-2-1c(d) does not provide that suspended benefits awarded under the laws of another state be credited against workers' compensation benefits awarded pursuant to West Virginia law, it is not the proper role of this Court to create such a credit. *See* Syl. pt. 2, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.").

We find further support for our interpretation of this statute in our laws pertaining to subrogation. We agree with Mrs. Moran that the Legislature has demonstrated no intent to offset the future payment of West Virginia dependents' benefits by an amount received in a third-party award. According to W. Va. Code § 23-2A-1,

> (a) [w]here a compensable injury or death is caused, in whole or in part, by the act or omission of a third party, the injured worker or, if he or she is deceased or physically or mentally incompetent, his or her dependents or personal representative are entitled to compensation under the provisions

14

of this chapter, and shall not by having received compensation be precluded from making claim against the third party.

(b) Notwithstanding the provisions of subsection (a) of this section, if an injured worker, his or her dependents or his or her personal representative makes a claim against the third party and recovers any sum for the claim:

(1) With respect to any claim arising from a right of action that arose or accrued, in whole or in part, on or after January 1, 2006, the private carrier or self-insured employer, whichever is applicable, *shall be allowed statutory subrogation with regard to indemnity and medical benefits **paid as of the date of the recovery***.

(Emphasis added). Under the foregoing provision, subrogation from a third-party settlement is allowed with regard to "indemnity and medical benefits *paid as of the date of the recovery*." W. Va. Code § 23-2A-1(b)(1) (emphasis added). Although the instant matter does not involve subrogation in the strict sense, this code provision provides evidence of a legislative intent to offset workers' compensation benefits by third-party settlements only to the extent of the amounts paid "as of the date of recovery." W. Va. Code § 23-2A-1(b)(1).

Finally, we find that the West Virginia workers' compensation statute pertaining to dependents' benefits also is relevant to ascertaining legislative intent insofar as it defines when such benefits shall terminate. In this regard, W. Va. Code § 23-4-10 (2010) (Repl. Vol. 2017) provides, in relevant part, that

[i]n case a personal injury, other than occupational pneumoconiosis or other occupational disease, suffered by an employee in the course of and resulting from his or her

15

employment, causes death, and disability is continuous from the date of the injury until the date of death, or if death results from occupational pneumoconiosis or from any other occupational disease, the benefits shall be in the amounts and to the persons as follows:

. . . .

(b) If there are dependents as defined in subdivision (d) of this section, *the dependents shall be paid for as long as their dependency continues* in the same amount that was paid or would have been paid the deceased employee for total disability had he or she lived.  The order of preference of payment and *length of dependence shall be as follows*:

(1) A dependent widow or widower *until death or remarriage of the widow or widower*, and any child or children dependent upon the decedent *until each child reaches eighteen years of age* or where the child after reaching eighteen years of age continues as a full-time student in an accredited high school, college, university, business or trade school, *until the child reaches the age of twenty-five years*, or if an invalid child, *to continue as long as the child remains an invalid*.  All persons are jointly entitled to the amount of benefits payable as a result of [the] employee's death;

(2) A wholly dependent father or mother *until death*; and

(3) Any other wholly dependent person *for a period of six years after the death of the deceased employee*;

(c) If the deceased employee leaves no wholly dependent person, but there are partially dependent persons at the time of death, the payment shall be fifty dollars a month *to continue for the portion of the period of six years after the death*, determined by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, but no partially dependent person shall receive compensation payments as a result of the death of more than one employee.

16

> Compensation under this subdivision and subdivision (b) of this section shall, except as may be specifically provided to the contrary in those subdivisions, *cease upon the death of the dependent*, and the right to the compensation shall not vest in his or her estate.

(Emphasis added). The foregoing provision establishes that dependents' benefits are to be paid to dependents "for as long as their dependency continues" W. Va. Code § 23-4-10(b). This code section goes on to describe when dependency ends for various classifications of dependents. Nowhere does this section of the code terminate dependency upon the recovery of a third-party settlement. Because the Legislature has identified the means by which dependency terminates and did not include third-party settlements among those means, this Court may not read such a requirement into the statute. *See Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) ("It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted."); *Martin v. Randolph Cty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." (quotations and citations omitted)); Syl. pt. 3, *Manchin v. Dunfee*, 174 W. Va. 532, 327 S.E.2d 710 (1984) ("In the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius*, the express mention of one thing implies the exclusion of another, applies.").

17

Accordingly, based upon the foregoing analysis, we now hold that an award of dependents' death benefits under the workers' compensation laws of West Virginia is payable, notwithstanding W. Va. Code § 23-2-1c(d), while benefits awarded under the workers' compensation laws of another state for the same injury are suspended due to a third-party settlement.

Applying this holding to the instant claim, we find that, because the dependents' benefits awarded under Rhode Island law have been suspended, Mrs. Moran is entitled to receive payments of the dependents' benefits awarded to her under West Virginia law. The BOR's ruling to the contrary is in violation of W. Va. Code § 23-2-1c(d) and is the result of erroneous conclusions of law. Therefore, the ruling is reversed.

## IV.

## CONCLUSION

For the reasons herein explained, the decision of the BOR is reversed, and this claim is remanded for payment of dependents' benefits retroactive to the date on which the Rhode Island dependents' benefits ceased to be paid.

Reversed and remanded.

18