IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

**FILED**

**November 3, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0537

CHARLES G. DELBERT,

Claimant Below/Petitioner,

v.

MURRAY AMERICAN ENERGY, INC.,

Respondent Below/Respondent.

Appeal from the Workers' Compensation Board of Review
Case No. 2055031

REVERSED AND REMANDED

AND

No. 21-0944

MURRAY AMERICAN ENERGY, INC.,

Respondent Below/Petitioner,

v.

CHARLES G. DELBERT,

Claimant Below/Respondent.

Appeal from the Workers' Compensation Board of Review
Case No. 2056410

AFFIRMED

Submitted:  September 13, 2022
Filed:  November 3, 2022

M. Jane Glauser, Esq.
Schrader, Companion, Duff & Law, PLLC
Wheeling, West Virginia
Counsel for Charles G. Delbert

Aimee M. Stern, Esq.
Dinsmore & Shohl, LLP
Wheeling, West Virginia
Counsel for Murray American Energy,
Inc.

JUSTICE WOOTON delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

2. A petition to reopen a permanent disability claim may not be denied on the basis that another active, permanent disability claim is pending. Should the statutory criteria for reopening be met, the reopened claim must be consolidated with the existing permanent disability claim as mandated by West Virginia Code § 23-4-16(e) (2005).

3. "When reviewing a decision of the West Virginia Workers' Compensation Board of Review ('the Board'), this Court will give deference to the Board's findings of fact and will review de novo its legal conclusions. The decision of the Board may be reversed or modified only if it (1) is in clear violation of a constitutional or statutory provision; (2) is clearly the result of erroneous conclusions of law; or (3) is based upon material findings of fact that are clearly wrong." Syl. Pt. 1, *Moran v. Rosciti Constr. Co., LLC*, 240 W. Va. 692, 815 S.E.2d 503 (2018).

i

WOOTON, Justice:

In these consolidated appeals, claimant Charles G. Delbert ("Mr. Delbert") appeals the denial of his petition to reopen his occupational pneumoconiosis permanent partial disability claim for further evaluation. Upon seeking reopening of his permanent partial disability claim for the purpose of obtaining additional medical treatment, the tribunals below determined that West Virginia Code § 23-4-16(e) (2005) barred him from maintaining an active permanent partial disability claim alongside his pending permanent total disability claim and therefore denied his reopening petition. Subsequent to the denial of his reopening petition, Mr. Delbert's permanent total disability claim was resolved in his favor; his employer, Murray American Energy, Inc., ("Murray American"),[1] now appeals that award of permanent total disability, asserting that he does not meet the statutory criteria.

Upon careful review of the briefs of the parties, the appendix record, the arguments of the parties, and the applicable legal authority, we conclude that West Virginia Code § 23-4-16(e) does not preclude reopening of a permanent disability claim because another permanent disability claim is pending. Rather, if such claim qualifies for reopening

---

[1] For reasons that are not readily apparent from the record, the parties appear to have substituted "Marshall County Coal Resources, Inc." for the employer identified below, "Murray American Energy, Inc." Because the orders from which the parties appeal identify the employer as Murray American Energy, Inc., we will utilize that designation in these consolidated appeals.

1

under the statutory criteria, section 23-4-16(e) mandates that the claims be consolidated. We therefore reverse and remand for further proceedings as to Mr. Delbert's reopening petition. We further conclude that Murray American has failed to demonstrate that the lower tribunals' determination that Mr. Delbert is permanently and totally disabled was clearly wrong, and therefore affirm the Board of Review's award of permanent total disability.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Delbert, now sixty-six years old and a former coal miner, has multiple occupational injuries resulting in a variety of permanent partial disability ("PPD") awards, including but not limited to an award for occupational pneumoconiosis ("OP"). [2] Specifically at issue in the instant appeals are Mr. Delbert's attempt to reopen his OP PPD claim for further evaluation and his claim for permanent total disability ("PTD") culminating from his various impairments.

On July 31, 2014, Mr. Delbert was granted a 10% PPD award for OP; he initially protested that award but later withdrew it. Shortly after that award, on August 13, 2014, Mr. Delbert applied for PTD based on the cumulative effect of his various impairments, including the new OP award. Mr. Delbert's claim for PTD has been in various stages of litigation since that time, up to and including the instant appeal, and

_____

[2] Mr. Delbert has PPD awards for injuries to his arm, finger, cervical, thoracic, and lumbar spines, occupational pneumoconiosis, and depression, all of which total 59%.

therefore remained active and pending before various tribunals at all times pertinent hereto.[3]

Approximately two years later, while his PTD claim was still being litigated, Mr. Delbert filed a petition to reopen his OP claim and made a request for oxygen treatment. He contended that more recent medical evaluations showed a worsening of his OP and that oxygen treatment was necessary as per a certificate of medical necessity submitted in support of his request. The claims administrator denied his request for oxygen therapy, finding that Mr. Delbert's 10% PPD impairment rating did not meet the required 15% impairment to qualify for durable medical equipment needed for oxygen therapy; it further found that his PO2 level was insufficient under American Thoracic Society

---

[3] The extensive litigation history of Mr. Delbert's PTD claim is not relevant to the issues presently before the Court and therefore will not be detailed at length. Suffice it to say, however, that the issue of whether Mr. Delbert's cumulative impairments were sufficient to meet the whole body impairment "threshold" for PTD was the subject of multiple denials and protests of his PTD claim at various levels. *See* W. Va. Code § 23-4-6(n)(1) (2005) ("Upon filing an application, the claim will be reevaluated by the examining board or other reviewing body . . . to determine if the claimant has suffered a whole body medical impairment of fifty percent or more resulting from either a single occupational injury or occupational disease or a combination of occupational injuries and occupational diseases[.]").

Ultimately, however, this Court affirmed the BOR's conclusion that Mr. Delbert did indeed meet the whole person impairment threshold sufficient for referral of his claim to the PTD Review Board ("Review Board"). *See Murray Am. Energy, Inc. v. Delbert*, No. 19-0040, 2020 WL 865049 (W. Va. Feb. 21, 2020) (memorandum decision). The Review Board issued findings and recommendations on the lone remaining statutory requirement: whether Mr. Delbert is capable of engaging in substantial gainful activity. *See* discussion *infra* regarding W. Va. Code § 23-4-6(n)(2). This statutory requirement remains the lone issue presently in contention as pertains to his PTD claim and is the issue encompassed in Murray American's appeal, as discussed more fully *infra*.

Guidelines for oxygen therapy. [4]   In a separate order, the claims administrator denied the reopening request because Mr. Delbert's PTD claim was still pending; at this time, the appeal of his PTD denial was pending before the Board of Review ("BOR").  The claims administrator took the position that Mr. Delbert could not have both a PPD and PTD claim pending simultaneously, relying on West Virginia Code § 23-4-16(e) which provides:  "A claimant may have only one active request for a permanent disability award pending in a claim at any one time. Any new request that is made while another is pending shall be consolidated into the former request."

The Office of Judges ("OOJ") affirmed the denial of oxygen therapy[5] as well as the denial of the reopening petition due to the pendency of the PTD claim and the statutory bar to maintaining more than one active permanent disability claim simultaneously.  The BOR similarly affirmed, acknowledging the OOJ's reliance on West Virginia Code § 23-4-16(e), but further agreeing that "the evidence does not establish that the claimant is entitled to a reopening of the claim[.]"  Mr. Delbert did not appeal this decision.

---

[4] West Virginia Code of Regulations § 85-20-52 requires an impairment of 15% or more for the use of durable medical equipment "including oxygen delivery systems," and provides that oxygen therapy "requires prior authorization and will only then be authorized when in compliance with the guidelines of the American Thoracic Society."

[5] The OOJ found that a recent evaluation submitted by Mr. Delbert indicated his impairment remained at 10% and that the physician recommending oxygen therapy did not offer a contrary opinion as to Mr. Delbert's percentage of impairment.

4

While his PTD claim continued to be litigated, on July 22, 2019, Mr. Delbert filed a second petition for reopening of his OP claim. Mr. Delbert again asserted that, based on more recent radiological studies, his OP had worsened. He sought reopening for further evaluation of his OP impairment rating in order to obtain additional treatment, noting that "the impairment ratings for OP trigger treatment[.]" The claims administrator once again denied the reopening petition on the basis of West Virginia Code § 23-4-16(e), citing the continued pendency of Mr. Delbert's PTD claim which had been referred to the Review Board.

The OOJ similarly affirmed the denial of this second reopening petition, noting the pendency of several aspects of Mr. Delbert's PTD claim before various tribunals and reiterating that West Virginia Code § 23-4-16(e) provides that a claimant "can only have one permanent disability award in litigation at a time[.]" The OOJ further cited a memorandum decision issued by this Court as supporting its conclusion that "multiple requests for permanent impairment" cannot be "pending" simultaneously. *See Pintarich v. W. Va. Off. of Ins. Comm'r*, No. 15-0081, 2015 WL 7304511 (W. Va. Nov. 19, 2015) (memorandum decision). The BOR likewise affirmed the OOJ's denial of the second reopening petition on the basis of West Virginia Code § 23-4-16(e), which order Mr. Delbert now appeals.

While Mr. Delbert was litigating the denial of his second PPD reopening petition, his PTD claim was also denied—for a third and final time—based upon the

5

Review Board's recommendation and findings that Mr. Delbert retained residual vocational potential. The Review Board determined that Mr. Delbert was suitable for brief training which would allow him to perform clerk-type, sedentary jobs. However, the OOJ reversed the claims administrator's denial and awarded Mr. Delbert PTD, which award was affirmed by the BOR. The OOJ, as affirmed by the BOR, found that Mr. Delbert was totally disabled citing certain experts' reports which they found compelling and consistent with Mr. Delbert's residual physical and cognitive limitations. Murray American now appeals that award contending that the OOJ and BOR erred by crediting those reports over the report of a competing expert, who it claims issued a more comprehensive and reliable analysis of Mr. Delbert's residual vocational potential.

## II. STANDARD OF REVIEW

Our standard of review for these consolidated appeals is statutory and governs the deference afforded to the orders on appeal. W. Va. Code § 23-5-15(d) and (e) (2021) provide, in part:

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record. . . .

6

(e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record.

Moreover, "this Court applies a de novo standard of review to questions of law arising in the context of decisions issued by the Board of Review." *Moore v. ICG Tygart Valley, LLC*, No. 20-0028, ___ W. Va. ___, ___ S.E.2d ___, 2022 WL 1262269, at *4 (W. Va. Apr. 28, 2022). With the respective standards of review for each appeal in mind, we proceed to the issues presented.

### III. DISCUSSION

Mr. Delbert's appeal presents a purely legal issue: whether West Virginia Code § 23-4-16(e) requires denial of a petition to reopen a PPD claim for further evaluation when a PTD claim is already pending. Murray American's appeal asks us to consider whether the OOJ and BOR erred in finding that Mr. Delbert meets the statutory criteria for an award of PTD. We will address each in turn.

Mr. Delbert argues that the tribunals' application of West Virginia Code § 23-4-16(e) violates the plain language of the statute and undermines the entire purpose behind our workers' compensation system: to ensure that workers obtain necessary medical treatment and compensation for compensable injuries. He contends that to deny him a reopening for purposes of reevaluating his OP impairment rating potentially denies him access to certain presumptive medical treatment for which he may now qualify if his OP impairment has increased. Mr. Delbert highlights the legislatively recognized progressive nature of OP and that the availability of certain treatment for OP is correlative to one's impairment rating. Accordingly, Mr. Delbert maintains that West Virginia Code § 23-4-16(e) does not mandate outright rejection of his PPD reopening petition simply because a PTD claim is pending, but rather expressly directs that the two claims be consolidated. Murray American offers little resistance, summarily arguing that West Virginia Code § 23-4-16(e) prohibits two permanent disability claims from coexisting. However, Murray American fails to address the consolidation language contained in the statute.

As indicated above, West Virginia Code § 23-4-16(e) provides: "A claimant may have only one active request for a permanent disability award pending in a claim at any one time. Any new request that is made while another is pending shall be consolidated into the former request." Notably, the statute makes no distinction between permanent *partial* and permanent *total* disability claims, rather it bars generally multiple, pending

"request[s] for a *permanent disability* award[.]" *Id.* (emphasis added). And while we agree that the statute quite plainly precludes the pendency of multiple, active permanent disability requests, it expressly identifies the authorized remedy to prevent that occurrence: consolidation of the requests. Nowhere does the language of the statute contemplate or authorize outright refusal of a new "permanent disability" request merely because another request is pending.

In this regard, the OOJ conceded that "consolidation of dual protests is cited in the statute," but disregarded this directive, reasoning that

> the protest regarding the PTD denial cannot logistically be consolidated with the request for additional occupational pneumoconiosis permanent partial disability. Doing so will create an absurd result which could cause an endless cycle of remanding a finding of additional PPD to the Claim Administrator to review in the context of the PTD. Until the final ruling is issued regarding his PTD the claimant cannot prosecute requests for further permanent partial disability.

However, regardless of the practical implications alluded to by the OOJ with respect to consolidation of multiple permanent disability claims, that is expressly what the statute directs it to do. It is therefore of no consequence to the analysis that the OOJ perceives an "absurdity" or "logistical" problem with consolidation; a statute without ambiguity must simply be applied. *See* Syl. Pt. 1, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965) ("Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein.").

9

Further, the OOJ and BOR's reliance on this Court's decision in *Pintarich* is misplaced. Not only does *Pintarich* not support outright rejection of Mr. Delbert's reopening petition, it expressly directs that the consolidation language in the statute be given force and effect. In *Pintarich*, the claimant filed a request for PTD in 1991, which was denied by the claims administrator and affirmed by the OOJ; the claimant appealed to the BOR. 2015 WL 7304511, at \*1. While that appeal was pending before the BOR, the claimant filed another PTD request in 1998. *Id*. Upon reversing the claims administrator's rejection of the second PTD request, the OOJ concluded that West Virginia Code § 23-4-16(e) only prevents two applications from pending before the claims administrator, but "does not bar against a new application being filed while a prior is pending in litigation." *Id*. The BOR disagreed, finding the second request barred by operation of the statute, and that the evidence presented in the second request had already been considered and rejected in the first PTD request. *Id*. at \*4.

This Court agreed with the "reasoning and conclusions" of the BOR and found that "[t]he statute prevents two applications for permanent total disability benefits from being considered at the same time." *Id*. at \*5. More importantly, however, the Court likewise agreed with the conclusion of the BOR that "the current litigation should not have ensued because the 1998 permanent total disability application *should have been*

*consolidated* into the 1991 application." *Id*. at *4 (emphasis added).[6] Like the duplicative "permanent disability" requests in *Pintarich*, West Virginia Code § 23-4-16(e) requires consolidation of Mr. Delbert's dual "permanent disability" claims should reopening be warranted.

Alternatively, Murray American urges that even if West Virginia Code § 23-4-16(e) does not prohibit reopening of Mr. Delbert's PPD claim, the petition was properly denied because he failed to make the required showing of a "progression or aggravation"[7] of his OP in the evidence submitted in support of his petition. We readily dispense with this argument. Whether Mr. Delbert's evidence was sufficient to meet the statutory criteria for reopening was neither addressed in, nor the basis of, the denial of the reopening petition on appeal at any level below. Although the strength of his evidence was discussed in the OOJ's order affirming the claims administrator's denial of his *first* petition for reopening relative to his associated request for oxygen treatment, it did not form the basis of the denial

---

[6] Contrary to the OOJ's order, *Pintarich* does not purport to address the specific scenario presented by Mr. Delbert's dual PTD and PPD claims. Unlike Mr. Delbert's request to reopen a PPD claim while his PTD request was being considered, the claimant in *Pintarich* filed two PTD claims, i.e. *duplicative* claims. Therefore, although the Court agreed that the claims should have been consolidated, the BOR's rejection of the second PTD request was upheld primarily on the grounds of res judicata. *Id*. at *5.

[7] West Virginia Code §§ 23-5-2 (2005) and -3 (2021) provide for "further adjustment" of a claim where the claimant's application "disclose[s] a progression or aggravation in the claimant's condition, or some other fact or facts which were not previously considered in its former findings and which would entitle the claimant to greater benefits than the claimant has already received[.]"

of the reopening petition at issue and is therefore beyond our commentary or review.[8]  The instant reopening petition was denied exclusively because of the tribunals' position that Mr. Delbert's PPD claim could not be reopened while his PTD claim was pending as per West Virginia Code § 23-4-16(e).

We therefore find that our analysis of this statute is dispositively guided by the well-established principle that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."  Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).  Finding the statutory language at issue to be unambiguous, we hold that a petition to reopen a permanent disability claim may not be denied on the basis that another active, permanent disability claim is pending.  Should the statutory criteria for reopening be met, the reopened claim must be consolidated with the existing permanent disability claim as mandated by West Virginia Code § 23-4-16(e).

Thus, we conclude that the denial of Mr. Delbert's reopening petition was clearly the result of an erroneous conclusion of law and reverse the BOR's June 25, 2020,

---

[8] As previously indicated, Murray American represents that failure to meet the criteria for reopening was the basis upon which Mr. Delbert's third and most recent reopening petition was denied.  *See infra* n.9.  Regardless, whether Mr. Delbert has demonstrated a sufficient progression of his OP to warrant reopening is simply not before the Court in this appeal.

12

order denying Mr. Delbert's PPD reopening petition on the basis of West Virginia Code § 23-4-16(e). [9] We remand to the BOR for further proceedings, as appropriate. [10]

---

[9] The parties' focus on this narrow issue of law shifted during oral argument due to developments which occurred subsequent to Mr. Delbert's appeal. Since the filing of Mr. Delbert's appeal, he has not only received an award of PTD, but has apparently filed a third reopening petition, which was recently denied on the merits per Murray American's counsel. While the fact of Mr. Delbert's subsequent PTD award is properly before the Court by way of Murray American's consolidated appeal of that award, the record is devoid of evidence regarding Mr. Delbert's most recent reopening petition.

Regardless, Murray American appeared to suggest that the legal issue presented relative to West Virginia Code § 23-4-16(e) has been mooted by either or both of these developments. Mr. Delbert counters that his award of PTD does not obviate his need for reopening of his OP claim inasmuch as his impairment rating is tied to his ability to seek largely unrestricted medical treatment. To Murray American's point, however, Mr. Delbert's counsel likewise focused much of her argument on her speculative concern that even if the Court were to find that reopening was improperly denied on the basis of section 23-4-16(e), Mr. Delbert's reopening petition is now threatened by application of this portion of West Virginia Code § 23-4-6(d) (2005): "Under no circumstances may the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, grant an additional permanent disability award to a claimant receiving a permanent total disability award[.]" Mr. Delbert's counsel urged the Court to address the propriety of denying reopening of an OP claim where a PTD award has been made, arguing that OP is a well-established progressive disease necessitating monitoring and reevaluation to ensure claimants receive statutorily guaranteed medical treatment.

With regard to Murray American's suggestion of mootness, we find that neither of these developments moot the issue presented. First, Mr. Delbert's most recent reopening denial is not a matter appearing in our record, and therefore the Court declines to speculate on its effect, if any, on the issue squarely before the Court. In contrast, however, the effect of Mr. Delbert's PTD award on remand of the instant, or any subsequent, petition for reopening is an issue which is not yet ripe. "'As compared to mootness, which asks whether there is anything left for the court to do, ripeness asks whether there yet is any need for the court to act.'" *State Farm Mut. Auto. Ins. Co. v. Schatken*, 230 W. Va. 201, 210 n.6, 737 S.E.2d 229, 238 n.6 (2012) (quoting 13B Fed. Prac. & Proc. Juris. § 3532.1 (3d ed.)). The reopening petition at issue was denied solely because of the *pendency* of Mr. Delbert's PTD claim with reliance on section 23-4-16(e); none of the tribunals below, (continued . . .)

13

Turning now to Murray American's appeal, as previously stated, while Mr. Delbert's OP PPD reopening appeal was pending, he was granted PTD as a result of his cumulative disabilities.  The Review Board initially found that Mr. Delbert was not permanently and totally disabled, crediting the report of Erin Saniga, a vocational rehabilitation expert, who identified multiple entry-level, sedentary jobs within a seventy-five-mile radius that she believed Mr. Delbert could perform after brief on-the-job or vocational training.  The Review Board underscored Mr. Delbert's ability to acquire the skills needed to perform these jobs by highlighting the fact that he was a high school graduate with one year of college, paralegal and foreman certificates, and a superior IQ.

However, the OOJ reversed, finding that Mr. Delbert had not worked since 2009, had been granted Social Security Disability, and that two physicians have found him permanently and totally disabled.  The OOJ credited the countervailing reports of vocational rehabilitation experts Michelle Moore and Catherine Phyllis-Harvey, whose

---

to our knowledge, have yet ruled upon whether Mr. Delbert's OP reopening petition is affected by his PTD *award*.  We leave to the judgment of the lower tribunals, in the first instance, the impact of Mr. Delbert's PTD award and/or any subsequent developments on his reopening petition.

[10] Since the filing of these consolidated appeals, the OOJ and BOR as existed at the time of the underlying decisions have been reorganized.  Effective October 1, 2022, the OOJ has been terminated and, as of July 1, 2022, the BOR has been reconstituted and authorized to assume the duties of the OOJ including but not limited to the authority to remand matters to the Insurance Commissioner, private carrier, or self-insured employer for further development if appropriate.  *See* W. Va. Code §§ 23-5-8a and -9a(f) (2022).

reports collectively sought to discredit Ms. Saniga's opinion that Mr. Delbert could perform the jobs she identified. The OOJ found Ms. Moore and Ms. Phyllis-Harvey's opinions more compelling in light of the entire record and agreed with their conclusions that, as to the potential jobs identified, Ms. Saniga failed to consider 1) Mr. Delbert's limited strength and cervical issues that inhibit his ability to engage in heavy computer usage and frequent to constant reaching; and 2) his documented cognitive/executive function and temperament limitations, which make him ill-suited to such jobs. The BOR agreed and affirmed the award of PTD.

Murray American argues that the OOJ and BOR "erred in finding [Ms. Moore and] Ms. Phyllis-Harvey's report[s] to be the most reliable evidence of Mr. Delbert's vocational potential" because they did not interview him, conduct a transferrable skills analysis, or perform a labor market survey, as Ms. Saniga did. It argues further that the OOJ and BOR's analysis improperly focused on the work previously performed by Mr. Delbert, rather than his capacity for work utilizing "skills or abilities which can be acquired":

> For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, *disability which renders the injured employee unable to engage in substantial gainful activity requiring skills or abilities which can be acquired or which are comparable to those of any gainful activity in which he or she has previously engaged with some regularity and over a substantial period of time* shall be considered in determining the issue of total disability. . . . Geographic availability of gainful employment within a driving distance of seventy-five miles from the residence of the employee or within the distance from the

15

residence of the employee to his or her preinjury employment, whichever is greater, will be a factor in determining permanent total disability.

W. Va. Code § 23-4-6(n)(2) (emphasis added). Mr. Delbert counters that Murray American merely seeks to have this Court re-weigh the fact-finding performed by the lower tribunals. We agree.

As indicated above, this Court may reverse the BOR's decision only if the decision is "so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision." *Id*. § 23-5-15(e). Critically, however, "[t]he court may not conduct a de novo reweighing of the evidentiary record." *Id*. This Court has similarly held that

> [w]hen reviewing a decision of the West Virginia Workers' Compensation Board of Review ("the Board"), this Court will give deference to the Board's findings of fact and will review de novo its legal conclusions. The decision of the Board may be reversed or modified only if it (1) is in clear violation of a constitutional or statutory provision; (2) is clearly the result of erroneous conclusions of law; or (3) is based upon material findings of fact that are clearly wrong.

Syl. Pt. 1, *Moran v. Rosciti Constr. Co., LLC*, 240 W. Va. 692, 815 S.E.2d 503 (2018).

Here, the OOJ and BOR simply found the opinions of Ms. Moore and Ms. Phyllis-Harvey more persuasive than Ms. Saniga's and their opinions better reflective of the evidentiary record. West Virginia Code § 23-4-1g (2003) requires the fact-finder to

16

weigh the competing evidence including "an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented." Tellingly, Murray American cites to no "clearly wrong" finding of fact in the OOJ or BOR's orders, instead arguing that the BOR was "clearly wrong *in not finding Ms. Saniga's reports to be the most credible evidence* of Mr. Delbert's vocational potential[.]" (emphasis added). This Court is statutorily required to "give deference to the board's findings, reasoning, and conclusions," which includes its credibility determinations. *Id*. § 23-5-15(c).

Moreover, the OOJ did not summarily disregard Ms. Saniga's opinion. Rather, the orders below thoroughly discuss, consider, and ultimately reject Ms. Saniga's opinion that Mr. Delbert could learn skills to allow him to work in the identified jobs. The OOJ's order, as adopted by the BOR, concludes that the record evidence does not support Ms. Saniga's opinion that Mr. Delbert can work in clerk-type positions because of 1) his limited strength and cervical issues, for which he had undergone surgery and received a 25% PPD award; 2) burning and numbness in his arms and legs; 3) his inability to sit for greater than fifteen to twenty minutes; and 4) his cognitive/executive function issues. This weighing of the competing evidence, as well as the reasoned processes of the various experts and their attendant credibility, lies within the lower tribunals' exclusive province and this Court is statutorily prohibited from re-weighing it. Accordingly, we affirm the BOR's October 22, 2021, order awarding Mr. Delbert PTD.

17

## IV. CONCLUSION

For the reasons stated above, in Appeal No. 20-0537, we reverse the June 25, 2020, order of the BOR and remand for further proceedings.  In Appeal No. 21-0944, we affirm the October 22, 2021, order of the BOR.

No. 20-0537:   Reversed and Remanded.

No. 21-0944:   Affirmed.

18